878 F.2d 1436
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hizam ALZAWKARI, et al., Plaintiffs-Appellees,
v.
AMERICAN STEAMSHIP COMPANY, et al., Defendants-Appellants.
 No. 88-1897.
 United States Court of Appeals, Sixth Circuit.
 July 12, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Defendant-appellant American Steamship Company ("American Steamship") appeals from the district court's order compelling it to compile a list of the names and addresses of approximately four hundred present and former employees and potential class members, so that the plaintiff may comply with the notice requirements of Fed.R.Civ.P. 23(c)(2). The plaintiffs in this admiralty class action are Great Lakes seamen to whom the defendant companies paid maintenance but not unearned wages. American Steamship argues that the district court abused its discretion by not requiring the plaintiffs to bear the cost of their requested compilation. We disagree and affirm the district court's order.
 
 
 2
 American Steamship argues that Supreme Court authority requires that the representative plaintiffs in a class action bear the cost of class notification, at least where the costs are not insubstantial. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 356-59 (1978). By affidavit, American Steamship indicated that compliance with the order would require the company to review manually approximately one thousand personnel files and an equal number of payroll records. The company estimated that such a review would require over one thousand man hours at a cost in excess of thirty thousand dollars. Plaintiffs-appellees disputed the estimated cost. The district court agreed with the plaintiffs, finding that the cost of compliance would be minimal because American Steamship must have already been through the bulk of its files "in order to comply with the court's earlier directive to disclose numbers of potential class members so that a determination of numerosity could be made." The court found that the cost of complying with the request to compile names and addresses of the approximately four hundred qualified seamen would not be substantial and decided "not [to] order plaintiffs to bear the costs of the requests at this time." (Emphasis added.)
 
 
 3
 On appeal the company has not shown the court's factfinding to be clearly erroneous, or its discretion abused. Oppenheimer permits a court, in its discretion, to leave the cost of complying with a discovery request relating to class notification where it falls. Id. The district court was warranted in finding unpersuasive the company's assertion that the cost of compliance would be substantial. We note that in complying with the initial request that required American Steamship to search through its files in order to calculate the number of potential class members, the company never raised the issue of compliance costs. At that time American Steamship only objected to the interrogatory request because the company did not want to turn over "a list of all injured sailors to a plaintiff's lawyer who specializes in representing injured sailors." At oral argument the company's attorney conceded that one of the primary motivations behind this appeal continued to be the desire not to relinquish the names--costs aside.
 
 
 4
 There is no evidence in this record of abuse by the plaintiffs' attorney. Moreover, when the court ordered the defendant to comply with the discovery request, it also indicated that "disclosure will be the subject of a narrowly drawn protective order." Finally, the court did not impose upon the company any other costs attributable to notice; the court did not require the defendant to pay the postage or publication costs. In this case the district court's disposition of the matter before it was entirely reasonable. We can find no abuse of discretion on these facts, and we AFFIRM.